I concur with the majority's disposition of the first issue presented in this case, to wit: the County still holds the water system in trust. However, because I believe that the County can sell that system to any municipality, I respectfully dissent in part.
As the County aptly noted, when read in pari materia, the language of R.C. 6103.21 and 6103.22 allows the sale of water service facilities to a municipality, other than the one in which the facilities are located. The General Assembly employed the words, "may be conveyed to the municipal corporation," which strike a permissive tone. This tone neither mandates nor prevents a county from selling water service facilities to the municipality in which they are located or to any other interested municipality.
Hudson has insinuated that some provision in Chapter 6103 supports its narrow position, but has failed to point to any such language. Indeed, nowhere is there any prohibition preventing the sale of water service facilities to a municipality other than the one in which such facilities are located.
Finally, it is well settled that any municipality may acquire, construct, own, lease and operate water service facilities outside its corporate limits. See Section 4, Article XVIII, Ohio Constitution. Hence, I believe that a construction of R.C. 6103.21 and 6103.22 which comports with that proposition must logically follow. Stated another way, if a municipality may acquire, own and operate a public utility outside its corporate boundaries, then surely one can conclude that a county may sell the same to any municipality willing to tender proper consideration. Based on the foregoing and the language found in R.C.6103.21 and 6103.22, I would hold that the County is free to sell the water system to Akron or any other municipality. I concur with the balance of the majority opinion.